IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:18-CV-00007-FL

| WILLIAM L. ASKEW, SR. and | ) | |
|---|---|---|
| TOORA B. ASKEW, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| | ) | |
| SETERUS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (DE 8). The motion has been fully briefed, and in this posture the issues raised are ripe for ruling. For the reasons that follow, defendant's motion is granted.

**BACKGROUND**

Plaintiffs, proceeding *pro se*, filed this action on February 21, 2018, asserting claims against defendant relating to a state court foreclosure proceeding in Pasquotank County, North Carolina. Specifically, plaintiffs assert the following claims: 1) mail fraud, in violation of 18 U.S.C. § 1341; 2) violation of 18 U.S.C. § 2071, 3) violation of 18 U.S.C. § 1962, and 4) violation of the Uniform Commercial Code. Plaintiffs allege that on January 13, 2015, defendant "illegally seized personal and real property located at 703 Bunnell Ave., Elizabeth City[, North Carolina]." (DE 1, p. 4). In

connection with that seizure, plaintiffs assert that defendant altered papers and forms, which it mailed to plaintiffs through the United States Postal Service. Plaintiffs request damages equal to the total value of their personal and real property, trebled.

Plaintiffs initiated prior action asserting claims arising out of and concerning the same 2015 foreclosure in this court on March 25, 2016. See Askew, et al. v. Seterus, Inc., No. 5:16-CV-00013-FL ("Askew I"). In Askew I, defendant moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. The court dismissed plaintiffs' claims on the basis that it lacked jurisdiction over any claim relating to the state court final judgment of foreclosure, and that any claims unrelated to that judgment failed to state a plausible claim for relief. (Askew I, DE 20, p. 5–6). After the court dismissed plaintiffs' claims in that action, plaintiffs filed a motion to set aside judgment, wherein plaintiffs asserted violations of the federal criminal mail fraud statute and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S. C. § 1961 et seq. ("RICO"). By text order dated November 22, 2016, the court denied plaintiffs' motion. On November 28, 2016, plaintiffs filed a document, entitled "Complaint," wherein plaintiffs reasserted their allegations of mail fraud and violations of RICO. The court construed the filing as a motion for reconsideration, which it denied by text order dated November 8, 2017.

In this case, standing as Askew II, defendant filed the instant motion to dismiss, together with a memorandum in support thereof on March 28, 2018. On April 16, 2018, plaintiffs filed response in opposition.[1] Defendant filed reply on April 24, 2018, and plaintiff filed a sur-reply on

---

[1] Also on April 16, 2018, plaintiffs filed a motion for entry of default. Where defendant's motion to dismiss is a response to plaintiffs' complaint, the court denied plaintiffs' motion by text order dated April 25, 2018.

2

May 4, 2018, together with "supporting evidence." (See DE 19-1).[2]

Defendant contends that this court lacks subject matter jurisdiction over plaintiffs' claims by operation of res judicatata and the Rooker-Feldman doctrine. In the alternative, defendant argues plaintiffs' claims are legally and factually insufficient and do not state a claim upon which relief can be granted. Plaintiffs maintain that the court has jurisdiction over the instant matter.

**STATEMENT OF FACTS**

The facts alleged in plaintiffs' complaint may be summarized as follows. Plaintiffs allege that defendant "repeatedly mailed, presented and filed altered . . " in connection with a 2015 state foreclosure proceeding in Pasquotank County, North Carolina. Plaintiffs assert that "on Jan[uary] 13, 2015, [defendant] illegally seized personal and real property located at 703 Bunnell Ave[nue], Elizabeth City,[ North Carolina]. All correspondence was done using the USPS. All papers and forms used in th[e] seizure were altered." (DE 1, p. 4). Specifically, plaintiffs assert that defendants altered the note and transfer and assignment document. (Id. at 7).

**DISCUSSION**

A. Standard of Review

1. Rule 12(b)(1)

To survive a Rule 12(b)(1) motion, the plaintiff bears the burden of showing that subject matter jurisdiction is appropriate. See McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d

---

[2] A copy of the note and transfer and assignment document were attached as supporting evidence to plaintiffs' sur-reply. (See DE 19-1).

at 1219. In that instance, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The standard of review, however, is the same as with a motion for summary judgment. Thus, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

2. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To meet this standard, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Courts must liberally construe *pro se* complaints, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

4

Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, courts "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F.Supp.2d 766, 776 (E.D.N.C. 2011). "The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." Weller v. Dep't of Soc. Servs. for the City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990).

B.   Analysis

   1. Subject Matter Jurisdiction

To determine whether an earlier federal judgment bars a claim asserted in a later action on the basis of res judicata, the court considers whether:

> 1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and 3) the claim in the second matter is based upon the same cause of action involved in the earlier proceeding.

Grausz v. Englander, 321 F.3d 467, 472 (4th Cir. 2003).

Generally, "claims are part of the same cause of action when they arise out of the same transaction or series of transactions, or the same core of operative facts." Id. at 473. "[A]s long as the second suit arises out of the same transaction . . . as the claim[s] resolved by the prior judgment, the first suit will have preclusive effect." Ohio Valley Envtl. Coal v. Aracoma Coal Co., 556 F.3d 177, 210 (4th Cir. 2009). Res judicata bars available claims "regardless of whether they were asserted or determined in the prior proceeding." Brown v. Felsen, 442 U.S. 127, 131 (1979). This includes "all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted." Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991). Furthermore, "[f]or purposes of [res judicata], it is not necessary to ask if the

5

plaintiff knew of his present claim at the time of the former judgment, for it is the existence of the present claim, not party awareness of it, that controls." In re Varat Enters., Inc., 81 F.3d 1310, 1316 (4th Cir. 1996).

Plaintiffs' claims in this matter are res judicata barred; therefore the action must be dismissed. Specifically, plaintiffs' claims rest upon the same factual allegations constituting the basis for Askew I, that is, that defendant "illegally seized personal and real property located [in] Elizabeth City." (DE 1, p. 4). In fact, the instant complaint reasserts many of the same facts and arguments, in some respects verbatim, as those asserted in plaintiffs' prior filings. (Compare DE 1, p. 6–8 with Askew I, DE 22, p. 2–4). Therefore, this action arises out of the "same transaction or series of transactions [and] the same core of operative facts" that formed the basis of plaintiffs' prior lawsuit. See Grausz, 321 F.2d at 472. Thus, dismissal based upon res judicata is proper.

Where plaintiffs' claims are res judicata barred, the court need not reach defendant's additional arguments.

## CONCLUSION

Based on the foregoing, the court GRANTS defendant's motion to dismiss. (DE 7). Plaintiffs' complaint is DISMISSED for lack of subject matter jurisdiction. The clerk is DIRECTED to close this case.

SO ORDERED, this the 31st day of May, 2018.

LOUISE W. FLANAGAN
United States District Judge